UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANCES GILCREAST, *et al.*,

    Plaintiffs,

v.

    Case No. 16-11173

    Hon. John Corbett O'Meara

LOCKWOOD, ANDREWS &
NEWNAM, P.C., *et al.*,

    Defendants.

_____/

**ORDER OF DISMISSAL FOR
LACK OF SUBJECT MATTER JURISDICTION**

    This case arises from the contamination of drinking water in Flint, Michigan. Plaintiffs filed their class action complaint against multiple defendants, including the State of Michigan, state officials, city officials, and professional engineering companies. Plaintiffs voluntarily dismissed the State and numerous individual defendants on February 2, 2017, leaving professional negligence and other state law claims against Lockwood, Andrews & Newnam, P.C., LAN, Inc., Leo A. Daly Company, and Veolia North America, L.L.C.

    Defendants have filed motions to dismiss Plaintiffs' complaint. As a threshold matter, the court must first consider whether it has subject matter jurisdiction over this case. Thornton v. Southwest Detroit Hosp., 895 F.2d 1131,

1133 (6th Cir. 1990) ("Although the parties did not address this issue, subject matter jurisdiction may be raised *sua sponte* at any juncture because a federal court lacks authority to hear a case without subject matter jurisdiction."); Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009) (same).

Plaintiffs' alleged basis for federal subject matter jurisdiction is the Class Action Fairness Act, 28 U.S.C. § 1332(d). See Compl. at ¶ 22.[1] This court has declined to exercise jurisdiction under CAFA over other Flint water cases, finding that the local controversy exception (§ 1332(d)(4)) applies. See Mason v. Lockwood, Andrews & Newnam, P.C., Case No. 16-10663, aff'd, 842 F.3d 383 (6th Cir. 2016); Davenport v. Lockwood, Andrews & Newnam, P.C., Case No. 16-12875, Docket No. 28 (E.D. Mich., Nov. 1, 2016). The Sixth Circuit in Mason affirmed, noting that "the case before us exemplifies the quintessential local controversy." Mason, 842 F.3d at 397.

This case is indistinguishable from Mason and Davenport, and it meets the requirements of the local controversy exception to the CAFA: (1) more than two-thirds of the proposed class are citizens of Michigan; (2) at least one Defendant

---

[1] Plaintiffs have voluntarily dismissed their federal question claims. The court has dismissed similar federal claims for lack of jurisdiction. See, e.g., McMillian v. Snyder, Case No. 16-10796, Docket No. 136 (E.D. Mich. Feb. 7, 2017).

(Lockwood, Andrews & Newnam, P.C.) is a Michigan citizen whose conduct forms a significant basis of Plaintiffs' claims; (3) the principal injuries occurred in Michigan; and (4) no "other class action" within the meaning of the statute has been filed within the preceding three years.  See 28 U.S.C. § 1332(d)(4).  Consistent with the analysis set forth in Mason and Davenport, the court must decline to exercise jurisdiction over this matter.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' complaint is DISMISSED for lack of subject matter jurisdiction.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date:  February 7, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 7, 2017, using the ECF system.

                                                s/William Barkholz
                                                Case Manager